**JORDAN MOTOR LINES**
v.
**John C. McINTYRE and Textile Motor Freight.**
**Civ. No. C-66 R-57.**

United States District Court
M. D. North Carolina,
Rockingham Division.
Dec. 18, 1957.

Morton & Williams, Albemarle, N. C., Leppard & Leppard, Chesterfield, S. C., James P. Mozingo, III, Darlington, S. C., for plaintiff.

Jennings G. King, Laurinburg, N. C., for defendant.

HAYES, District Judge.

The plaintiff, a citizen of South Carolina, sues J. C. McIntyre and Textile Motor Freight, Inc., citizens and residents of the Middle District of North Carolina, to recover damages for a breach of a contract in which defendants were to sell their carrier franchises and equipment to plaintiff for $75,000; also to recover the rental alleged to be due by Textile Motor Freight, Inc., to plaintiff for the use of plaintiff's equipment. The contract of sale was of April 1, 1954 and was to have been completed six months after the effective date of the incorporation of Textile Motor Freight, Inc.

The corporation was immediately chartered under the laws of North Carolina and plaintiff leased his equipment to it under written contracts by which it was to retain his earnings for operating capital and also advanced to it certain funds as capital.

Mutual agreements were arranged between them as a result of which both Mc-

Intyre and Jordan assumed that the sale would be consummated in six months. It was therefore to the advantage of each for the business to be continued to protect the franchises and to maintain it as a successful and going business.

Here it is necessary to point out that the transfer of Inter-State Commerce franchises required the approval of the Inter-State Commerce Commission unless the rights were owned by a corporation in which event it was not necessary to have its approval for the transfer of the capital stock. This was the reason for creating the corporation in order that the transfer could be effected by transferring the stock from McIntyre to Jordan after six months. The delay was not to interfere with the effective date of sale on April 1, 1954. Had the business prospered and the value of the assets increased, Jordan would have harvested the advantages. However, it lost and Jordan was the loser.

At the expiration of six months, McIntyre and Textile Motor Freight, Inc., were ready, willing and offered to perform according to the terms of the contract by transferring to Jordan the capital stock of Textile Motor Freight, Inc., together with all of the assets specified in the contract of April 1, 1954. To the offer Jordan replied that he was unable financially to perform his part of the contract. He was unable to make the payment required or otherwise to perform his part of the contract.

 It is a cardinal requirement under the law of North Carolina for a plaintiff who sues for damages for an alleged breach of contract to allege and prove that he has complied with all the essential terms of the contract or that he was able, willing and anxious and offered to do so. The plaintiff cannot overcome this barrier. Indeed, he confessed that he did not comply and admitted his inability to do so. Edgerton v. Taylor, 184 N.C. 571, 115 S.E. 156.

Nor is the plaintiff any better off in his demand to recover for the use of his equipment because he was in effect fur-

nishing it essentially to himself to preserve the advantages of the sale. He could not supply this equipment and capital to the operating corporation which he was to take over in six months, thus reaping the profits; and thereafter sue for the value when losses arose. The corporation which he here sues would have been his if he had complied with his contract. There can be no right of recovery in his favor under these circumstances.

■ The plaintiff is confronted with another complete barrier to any recovery because all matters in controversy between plaintiff and defendants were carefully considered and discussed and a settlement was arrived at between them by the terms of which the contract of sale was cancelled and all claims between the parties settled by the payment to plaintiff of $10,000 and for which he executed releases in full on all claims against the defendants or either of them. Payment was made by check on November 8, 1954 on which was plainly typed: "Settlement of all accounts in full as of today November 8, 1954." and signed Textile Motor Freight, Inc., by J. C. McIntyre. This check was endorsed and cashed by plaintiff. General Statutes of North Carolina, Section 1–540 is clearly applicable and controlling.

> "In all claims, or money demands, of whatever kind, and howsoever due, where an agreement is made and accepted for a less amount than that demanded or claimed to be due, in satisfaction thereof, the payment of the less amount according to such agreement in compromise of the whole is a full and complete discharge of the same."

In addition to the acceptance of the check, plaintiff executed written valid releases.

■ The plaintiff endeavors to avoid the validity of the check and releases on the ground of fraud, but the evidence utterly fails to show any fraud, if plaintiff could now be heard to allege it. Plaintiff abided by the settlement from November 8, 1954 until April 5, 1957 when he commenced this action. Plaintiff was able to read and write and he knew he had executed the releases and accepted and cashed the check. He made no further demand on the defendants nor asserted any claim whatever until he filed this action. His conduct constitutes ratification of the releases thereby estopping him from attacking their validity on the ground of fraud. He cannot accept the benefits and deny the liabilities of the instruments. Presnell v. Liner, 218 N.C. 152, 10 S.E.2d 639.